IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENISE BALKO,**

        **Plaintiff,**

vs.                                                                                      Civ. No.   05-905 JH/KBM

**PARKING COMPANY OF AMERICA, INC.,**
**a corporation doing business in New Mexico as**
**AIRPORT FAST PARK COMPANY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter comes before the Court on Plaintiff's Motion to Remand [Doc. No. 2]. The issue presented by both motions is whether Defendants have met their burden to show that this Court has subject matter jurisdiction over the present controversy—that is, whether the complaint, the notice of removal, and other relevant materials in the record demonstrate that, at the time of removal, the requisite $75,000 was at issue. Because the Court finds that the amount in controversy required for diversity jurisdiction is not satisfied, there is no federal subject matter jurisdiction and the case will be remanded to state district court.

## BACKGROUND

Plaintiff Denise Balko ("Balko") is a former employee of Defendant Parking Company of America, Inc. ("PCA"). In her state court Complaint, Balko claims that PCA discriminated against her because of her age, first demoting her, then reducing her pay, assigning her less desirable shifts, and finally constructively discharging her from her employment. Balko claims that she was discriminated against and subjected to a hostile work environment in violation of the New Mexico

Human Rights Act, NMSA 1978 § 28-1-1 et seq., and that her discharge was in breach of her employment contract. Though her Complaint does not expressly set forth the amount of damages she seeks, it does enumerate the various categories of damages she hopes to recover: backpay, frontpay, lost benefits, emotional distress, attorney's fees, pre- and post-judgment interest, and costs.[1]

PCA removed the case to this federal district court, asserting that it has federal diversity jurisdiction in accordance with 28 U.S.C. § 1332. Balko timely moved to remand the case to state court on the grounds that the amount in controversy is not satisfied.

## **DISCUSSION**

Federal district courts have original jurisdiction of civil actions where both complete diversity of citizenship and an amount in controversy in excess of $75,000 (exclusive of interest and costs) exist. 28 U.S.C. § 1332; *see Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) ("Since its enactment, [the Supreme Court] has interpreted the diversity statute to require 'complete diversity' of citizenship."); *State Farm Mutual Automobile Ins. Co. v. Narvaez*, 149 F.3d 1269 (10th Cir. 1998) (*sua sponte* dismissing case for lack of diversity jurisdiction when claim did not exceed the requisite amount in controversy).

The removing party bears the burden of establishing that removal was properly accomplished. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). When the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence. *Martin*, 251 F. 3d at 1290 (citations omitted). In other words, Defendants must show that the amount in controversy more likely than not exceeds $75,000. *Varela*

---

[1] It appears that the parties concede that interest and costs are not included in the jurisdictional amount.

*v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting by designation).  The right to removal is determined from plaintiff's complaint at the time the petition for removal is filed.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).  *See Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986).   When the amount in controversy is not apparent on the face of plaintiff's state court complaint, the federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record.  *Varela*, 86 F. Supp. 2d at 1111 (citing 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3725 at 73 (3d ed.1998)).  Where a case was originally filed in state district court, a presumption exists against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the court must resolve all doubts against removal, *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  Federal court jurisdiction is to be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868 (1941).

The Court concludes that PCA has not met this burden to show the existence of diversity jurisdiction.  In this instance, Balko's complaint alone offers no insight into the amount in controversy.  As a result, PCA attaches to its Notice of Removal the affidavit of its controller, Toni Kennett.  Based upon Balko's hourly wages, the date of her employment termination, and the assumption that she would retire at age 59 ½ , Ms. Kennett calculated Balko's backpay damages to be $1,254.78, frontpay of $160,160.00, lost benefits of $13,200.00, lost 401(k) contributions of $3,203.20, plus unspecified damages for emotional distress.  Taken at face value, these sums total more than $75,000.

However, Balko points out that shortly after she stopped working for PCA, she obtained other employment, thereby mitigating her compensatory damages. Balko also argues that frontpay damages are speculative and cannot be calculated at the time of removal, since they constitute the amount of "future wage loss that a judge might award in lieu of reinstatement following a verdict in favor of the plaintiff." [Doc. No. 3 at p. 2.] *See James v. Sears, Roebuck, & Co.*, 21 F.3d 989, 997 (10th Cir. 1994) ("Front pay refers to the award of money as compensation for the future loss of earnings."). In her affidavits supporting her motion to remand, she claims that damages for lost benefits are negligible, since she obtained new employment shortly after leaving PCA, and that she never received any bonuses from PCA or participated in its 401(k) program.

Considering the record as a whole, the Court concludes that PCA has failed to prove by a preponderance of the evidence that the jurisdictional amount is satisfied. The parties appear to agree that Balko would be entitled to a maximum of $26,000 in backpay for the period June 2005 (when she left her job at Brink's where she earned approximately the same amount as she had at PCA) for the next two years.

With regard to front pay, PCA argues that the Court could award Balko up to four years of front pay totaling $32,370. PCA's rationale is that Balko could be awarded front pay from the time of trial until she reaches age 59 ½.. This, however, seems an inadequate basis to conclude that the Court would award four years of front pay. Front pay is one of several remedies available in an anti-discrimination case, and the purpose of the remedy is to make a plaintiff whole. *See Davoll v. Webb*, 194 F.3d 1116, 1143 (10th Cir. 1999); *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 957 (10th Cir. 1994). Some of the factors relevant to a determination of an appropriate amount of front pay include a plaintiff's work life expectancy, salary and benefits at the time of termination, potential

increases in salary, the reasonable availability of other work opportunities, the period within which a plaintiff may reasonably be expected to become re-employed, and the plaintiff's future in the position from which she was terminated. *Davoll*, 194 F.3d at 1144. The facts in the record demonstrate only that Balko worked for PCA from October of 1999 to August of 2004 (first at $14 per hour, and later at $9 per hour), that she was 54 years old in 2005 when she filed her complaint, and that she has been virtually continuously employed since leaving PCA, that in her job at Brink's she earned income comparable to that which she earned at PCA, that she is now earning $7.50 per hour at Walgreen's, and that she intends to remain employed there for the foreseeable future. Based upon these facts, the Court cannot agree that a four-year award of front-pay is appropriate in this case. Rather, the Court finds that a reasonable amount of front pay likely would be two years at most, or approximately $16,000—half of what PCA proposes.

As to lost bonuses, PCA contends that Balko received bonuses, while she claims that she did not. The evidence is evenly balanced on this point, but PCA carries the burden to demonstrate amount in controversy by a preponderance of the evidence. Regarding lost benefits, Balko has conceded that claim. [Doc. No. 7 at p. 4]. As to lost contributions by PCA to her company 401(k) plan, Balko has demonstrated that she did not participate in the plan and therefore she would not have received the matching contributions described in Ms. Kennett's affidavit had she remained in PCA's employ.

The only remaining categories of damages are emotional distress and attorney's fees. As to the former, the record is devoid of any facts upon which the Court or the parties could base a reasonable estimate of Balko's emotional distress damages. The same is true of attorney's fees. The record before the Court does not demonstrate that Balko is likely to incur more than $33,000 in fees

(the amount needed to reach $75,000, when combined with $26,000 in backpay and $16,000 in front pay). In fact, there is no evidence regarding the amount of fees that she is likely to incur, which would depend upon factors such as the amount of fees accumulated to date, the complexity of the case, the amount of discovery to be done, the length of the trial, the number of witnesses to be called, and the experience level and hourly rate of Balko's attorney. PCA presents the Court with examples of large attorney's fees awards in other cases brought under the New Mexico Human Rights Act. However, every case is unique, and in light of the utter lack of evidence in the record it would be speculative to assume that the fees in this case will exceed $33,000.

Based upon the foregoing, the Court concludes that amount in controversy is not satisfied and that the motion to remand should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 2] is **GRANTED** and this case is hereby **REMANDED** to the Second Judicial District Court, Bernalillo County, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**